**In re Raymond DURBIN and Diane Durbin, Debtors.**

**Bankruptcy No. 92–12002–MWV.**

United States Bankruptcy Court, D. New Hampshire.

Jan. 7, 1997.

John W. Buck, Lawrence, MA, Jeffrey Schreiber, Schreiber and Associates, Danvers, MA, for Debtors.

Richard R. Erricola, Chapter 7 Trustee, Richard Erricola Company, Inc., Sutton, MA.

Frank Cadigan, FDIC, Franklin, MA.

Geraldine Karonis, Asst. U.S. Trustee, Manchester, NH.

Jeffrey Zall, Pelham Bank & Trust Co., Nashua, NH.

Michael Feinman, Community Savings Bank, Special Counsel to Trustee, Andover, MA.

Melissa Morris Danisch, Laurence Rossi, Andover Bank, Andover, MA.

Francis K. Monarski, Pelham Bank & Trust Co., Lowell, MA.

## MEMORANDUM OPINION

MARK W. VAUGHN, Bankruptcy Judge.

The Court has before it the application for final fees of Michael B. Feinman ("Feinman"), attorney for the trustee. Objections to the fee applications were filed by the United States Trustee and joined in by the Debtors.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### PROCEDURAL HISTORY

This Chapter 7 case was commenced in June 1992. At the time of the commencement of the case, Feinman represented Community Savings Bank, a creditor in the Chapter 7 case. As part of his representation of Community Savings Bank, Feinman brought a motion for relief from the automatic stay, which was granted, and an adversary proceeding objecting to the Debtors' discharge under section 727 of the Bankruptcy Code. This adversary proceeding eventually resulted in the denial of the Debtors' discharge. In connection with discovery in that adversary proceeding, Feinman discovered certain assets of the Debtors that had been transferred which he believed could be avoided by the Chapter 7 trustee.

On March 26, 1993, this Court approved the hiring of Feinman as special counsel to the trustee. In connection with that employment, Feinman disclosed the above representation of Community Savings Bank in his affidavit.

On May 3, 1993, the trustee represented by Feinman brought an adversary proceeding against Russell Schwarzenberg, individually and as trustee, and Raymond Durbin, Jr. seeking to avoid certain fraudulent transfers. Although settlement negotiations commenced in May 1993 (United States Trustee's Ex. 2), a motion to approve a compromise was not filed until December 2, 1993, and was set for a hearing on February 3, 1994, and reset to February 1, 1994. The compromise provided that one of two properties subject to the fraudulent conveyance allegations would be sold, the proceeds in the approximate amount

of $35,000 would be given to the trustee, and mutual releases would be exchanged by the parties.

Prior to the hearing on the compromise, Community Savings Bank employed Feinman to recover a deficiency it had against Raymond Durbin, Jr. On January 20, 1994, Feinman opened a new file for Community Savings Bank against Raymond Durbin, Jr. This Court held a hearing on the compromise on February 1, 1994, and approved it subject to a stipulated order being provided by the parties, which this Court approved and executed on February 11, 1994. On February 7, 1994, Feinman obtained an attachment against Raymond Durbin Jr. on a property that was subject to the fraudulent conveyance allegations but was not property sold pursuant to the compromise.

These facts were brought to the attention of the United States Trustee. Feinman then filed a "Motion for Clarification of Employment of Counsel" in which Feinman set out the facts of his representation of Community Savings Bank against Raymond Durbin Jr. His basic contention in support of his actions was that he believed that the adversary proceeding had been settled and thus no actual conflict existed.[1]

At a continued hearing on the clarification motion held on August 23, 1994, this Court found that the opening of the file by Feinman prior to the final disposition of the adversary proceeding was an actual conflict and indicated that the matter of an appropriate sanction would be addressed at the hearing on Feinman's final application for fees. That hearing was held on June 16, 1996, at which time the Court took the matter under advisement.

### DISCUSSION

Feinman's final application for fees and expenses seeks legal fees in the amount of $13,430 and expenses of $527.44. In his response to the United States Trustee's objection, Feinman agreed to reduce his legal fees by $352 and, at the hearing on the fees, agreed to reduce expenses by $148.50 leaving

total legal fees requested of $13,078 and total expenses of $378.94. Subsequent to these deductions, the remaining objections of the United States Trustee are twofold. First, that the fees are excessive considering the amount of the settlement, and, second, that the fees should be reduced because of the conflict of interest issue discussed above.

### I. EXCESSIVE FEE ISSUE

■ This Court has reviewed the application from the point of view of whether or not the fees requested are excessive. While the fees requested are greater than a typical one-third contingency fee, this Court approved Feinman's retention on a general retainer based on an hourly fee arrangement plus expenses. Absent the doubt raised by the conflict issue, it appears that the time charges were appropriate to a rather complex adversary proceeding. Based on the retention approved by this Court, the Court will not reduce the fees or expenses on the grounds of being excessive.

### II. CONFLICT OF INTEREST

■ This Court has already found in its August 23, 1994 order that a conflict of interest existed when Feinman opened a file for Community Savings Bank against Robert Durbin, Jr. prior to the compromise in the adversary proceeding in this Court being final. Feinman's arguments that it was a mistake and that he believed that the matter had been finalized when he took on the other representation are insufficient in the eyes of this Court. The fact that the United States Trustee could make the following statement, found in paragraph 14 of its objection, highlights the significance of the problem.

But for Attorney Feinman's actions on the part of his client, Community Savings Bank, in taking the 2004 examinations of the Debtors, and in disclosing the information obtained to the trustee, the estate would not have generated the $35,000 settlement. The problem is that it will never be known whether the $35,000 settlement

---

1. There is representation in the pleadings that the compromise was originally set for hearing on December 16, 1993 and continued to the February 1 date. The Court has reviewed the record, and it is apparent that the February 1 date was set upon the filing of the motion for compromise and a pretrial that had been previously scheduled was held on December 16, 1993.

recommended by Attorney Feinman may have been for less than its true value. The fact that Attorney Feinman attached the property even before the compromise was approved does nothing to dispel that discomfort.

Objection of United States Trustee to Final Fee Application of Michael B. Feinman as Special Counsel to Trustee, Court Doc. 54, ¶ 14 at 5. Feinman had an absolute obligation to the trustee in the bankruptcy estate to make sure that the adversary, including the compromise, was final before entertaining the representation of any client against assets that were the subject of the adversary proceeding which, as a result of the compromise, he knew were now available to the claims of other creditors.

Bankruptcy courts are given discretionary authority to compensate professionals employed under 11 U.S.C. § 327 by an estate trustee. *In re DN Assocs.,* 3 F.3d 512, 514 (1st Cir.1993) (citation omitted). If a bankruptcy court concludes that an impermissible conflict of interest exists, available sanctions include disqualification and the denial or disgorgement of all fees. *Rome v. Braunstein,* 19 F.3d 54, 58 (1st Cir.1994). "However, courts may grant attorney's fees even if a conflict of interest is demonstrated, as long as such an award is sensible in light of the circumstances." *DN Assocs.,* 3 F.3d at 514 (citing *In re Kendavis Industries Int'l, Inc.,* 91 B.R. 742, 761 (Bankr.N.D.Tex.1988)).

Based on the above, the Court finds the appropriate sanction to be a reduction of forty percent of the legal fees requested by Feinman. The Court approves as a final fee legal fees in the amount of $7,846.80 and expenses in the amount of $378.94.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.